IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Harvey Cohen,<br><br>      Plaintiff,<br><br>    v.<br><br>SunTrust Mortgage, Inc., SunTrust Bank, Trans Union, LLC, Equifax Information Services, LLC, and Experian Information Solutions, Inc.,<br><br>      Defendants. | C/A No. 3:16-cv-02513-CMC<br><br><br><br>Opinion and Order on Motion for Judgment on the Pleadings as to Affirmative Defenses<br><br>ECF No. 34 |

This matter is before the court on Plaintiff's "Motion for Judgment on the Pleadings as to Defendant Experian's Affirmative Defenses and Prayer for Attorneys' Fees." ECF No. 34. This motion challenges all affirmative defenses asserted by Defendant Experian Information Solutions, Inc. ("Experian") as well as its inclusion of a prayer for attorneys' fees. *Id*. For reasons set forth below, the motion is denied in part and granted in part.[1]

**Nature of Motion.** Plaintiff relies on Rule 12(c) of the Federal Rules of Civil Procedure in seeking judgment on Experian's affirmative defenses. Rule 12(c) provides as follows: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).

Experian argues Rule 12(f), rather than Rule 12(c), controls. Rule 12(f) provides the court may, on its own or on motion of a party, "strike . . . an insufficient defense or any redundant,

---

[1] Plaintiff filed a similar motion challenging the affirmative defenses asserted by Defendant Equifax Information Services, LLC ("Equifax"). ECF No. 33. That motion was granted as unopposed *based on the absence of any response*, and consequently has no precedential value as to the underlying issues. ECF No. 44.

immaterial, impertinent, or scandalous matter" from "a pleading." Fed. R. Civ. P. 12(f). A motion to strike under this rule must be made "before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). Experian argues Plaintiff's motion is untimely under this rule because Plaintiff was served with the challenged Answer and Affirmative Defenses on August 4, 2016, but waited over six months (until February 13, 2017) to file the present motion.

On reply, Plaintiff argues pursuit of his motion under Rule 12(c) is authorized by Rule 12(h)(2). That rule provides, in relevant part: "Failure . . . to state a legal defense to a claim may be raised; . . . (B) by a motion under Rule 12(c)." Fed. R. Civ. P. 12(h)(2).

The court finds the motion is appropriately characterized as a Rule 12(f) motion to strike an *insufficient* defense to the extent it argues the defenses fail because Experian has not alleged *supporting facts*, rather than a motion under Rule 12(c) for judgment on the pleadings for "failure . . . to state a *legal* defense." *See* Fed. R. Civ. P. 12(h)(2)(B); *see also Amason v. PK Management, LLC*, C.A. No. 3:10-cv-1752-JRM-JFA, 2011 WL 1100169 (D.S.C. Mar. 23, 2011) (adopting Report and Recommendation 2011 WL 110021 (D.S.C. Mar. 1, 2011)).[2] This characterization fits Plaintiff's primary argument, which relies on the absence of supporting factual allegations. *See* ECF No. 34-1 at 5 ("No facts–none–are pled in support of Experian's affirmative defenses at all. They are bare invocations of legal principles only, at best."). With minor exceptions (*see* "Other

---

[2] In *Amason*, the magistrate judge recommended plaintiff's "motion to dismiss" defendant's affirmative defenses be denied on two grounds: (1) the motion was properly construed as a Rule 12(f) motion and was untimely as such; and (2) the *Twombly-Iqbal* standard (discussed *infra*) did not apply to affirmative defenses. 2011 WL 1100211 at *8. The district judge adopted the magistrate judge's recommendation based on the first ground and did not reach the second ground. 2011 WL 1100169 at *8.

2

Arguments" below), Plaintiff does not argue the defenses are *legally unavailable* based either on the facts or legal theories pleaded.

The court rejects any argument a party may challenge the sufficiency of a defense (other than on grounds the defense is legally unavailable) under Rule 12(c). Allowing reliance on Rule 12(c) under such circumstances would render meaningless the time limitation for a Rule 12(f)(2) motion.[3]

**Timeliness of Motion.** The challenged Answer and Affirmative Defenses was served through the court's electronic case filing system on August 4, 2016. ECF No. 11. The motion challenging the affirmative defenses and prayer for relief was not filed until February 13, 2017. ECF No. 34. Thus, the motion is clearly untimely as a Rule 12(f) motion. It is, therefore, denied as untimely to the extent it rests on arguments the affirmative defenses are insufficiently pleaded.

**Inapplicability of *Twombly-Iqbal* pleading standard.** Even if timely, the court would deny the motion to the extent it argues for judgment on (or striking of) affirmative defenses based on the pleading standard established by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The court recognizes this is both an issue on which district courts are divided and one on which there is no direct circuit court authority. *See*, *e.g.*, *Baron v. DirectTV, LLC*, ___ F. Supp. 3d ___, 2017 WL 68688 (D. Md. 2017) (declining to apply *Twombly-Iqbal* standard to affirmative defenses); *Lockheed Martin Corp. v. United States*, 973 F. Supp. 2d 591 (D. Md. 2013) (same); *Sedgewick Homes, LLC v. Stillwater Homes, Inc.*, 2016 WL 4499313

---

[3] The distinction this court draws has the practical effect of requiring a party who believes a defense is *insufficiently* pleaded (that is, pleaded in a way that fails to give fair notice of the basis of the defense) to raise it promptly, yet preserves that party's right to later argue one or more defenses are unavailable as a matter of law taking all pleadings into consideration.

(W.D.N.C. August 25, 2016) (same); *Grant v. Bank of America, N.A.*, 2014 WL 792119 (E.D. Va. Feb. 25, 2014) (same); *Amason*, 2011 WL 1100169 (same); *Monster Daddy LLC v. Monster Cable Products, Inc.*, C.A. No. 6:10-1170-HMH *12-16 (D.S.C. Nov. 23, 2010) (finding *Twombly-Iqbal* standard applicable to affirmative defenses).

The closest circuit court decision is *Kohler v. Flava*, 779 F.3d 1016 (9th Cir. 2015), which affirmed summary judgment for a defendant based, in part, on a finding the plaintiff had adequate notice of a defense. The court did not address *Twombly* or *Iqbal*, but held "the 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" *Id.* at 1019 (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (3d ed. 1998)). District courts in the Ninth Circuit have relied on *Kohler* in declining to apply the *Twombly-Iqbal* pleading standard to affirmative defenses. *See*, *e.g.*, *Sherwin-Williams Co. v. Courtesy Oldsmobile-Cadillac, Inc*., 2016 WL 615335 *3 (E.D. Cal 2016) (stating "every judge in this district that has evaluated the split [as to whether the *Twombly-Iqbal* standard applies to affirmative defenses] in light of the *Kohler* decision has found that the fair notice standard should apply.").

Courts in other circuits have also relied, in part, on *Kohler* in declining to extend the *Twombly-Iqbal* standard to affirmative defenses. *See*, *e.g.*, *Ability Housing of N.E. Florida, Inc., v. City of Jacksonville*, 2016 WL 816586 (M.D. Fla. 2016). This court finds *Ability Housing*'s summary of the case law helpful and its reasoning persuasive:

> Courts extending the *Iqbal-Twombly* standard to defenses typically do so for three reasons. First, fairness and historical practice dictate that the same standard should apply to both sides alike. Second, similar language calls for similar interpretations. Third, the primary policy behind the *Iqbal-Twombly* standard (weeding out frivolous claims early) applies equally to affirmative defenses.

4

>    Courts refusing to extend the *Iqbal-Twombly* standard to defenses typically do so for two reasons. First, the text of Rule 8 does not support the extension. Whereas its pleading provision uses "showing," its response and affirmative-defense provisions use "state," and the analyses in *Iqbal* and *Twombly* relied on "showing." Second, the 21-day response period is insufficient to gather information to include supporting factual allegations.
>
>    While no circuit court has addressed the issue in detail, the Ninth Circuit implicitly declined to extend the *Iqbal-Twombly* standard to defenses in [*Kohler*]. *Kohler* rejected the plaintiff's argument he had insufficient notice of stated defenses, observing "the 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" *Id.* at 1019 (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (3d ed. 1998)).
>
>    The former approach [applying *Twombly-Iqbal* to affirmative defenses] is now the minority approach. Note, *An Implausible Standard for Affirmative Defenses*, 112 Mich. L. Rev. 275, 285 (2013). Persuaded by the latter approach and its fidelity to both the rule that a court must give effect to a law that has plain and unambiguous meaning, *United States v. Silva*, 443 F.3d 795, 797−798 (11th Cir. 2006), and the longstanding adversity to striking a defense from a pleading unless it has no possible connection to the controversy and might prejudice a party if it remains (an adversity left untouched by *Iqbal* and *Twombly*), [this court] applies that approach here and declines to strike the eighth, ninth, and tenth defenses on the ground they do not include supporting factual allegations.

*Ability Housing*, 2016 WL 816586 at *2 (footnotes omitted); *see also Baron,* 2017 WL 68688 at *2 (relying, in part, on different pleading standards under Fed. R. Civ. P. 8(a) and 8(b) in holding *Twombly-Iqbal* pleading standard inapplicable to affirmative defenses and rejecting other arguments for striking defenses where there was no showing substantial prejudice was likely to result if the affirmative defenses remained in the case).

This court joins what appears to be the recent trend in finding the *Twombly-Iqbal* standard inapplicable to affirmative defenses. Plaintiff's motion is denied to the extent it rests on this standard.

**Other arguments.** Plaintiff makes three additional arguments for judgment on the pleadings. These arguments are directed to (1) an affirmative defense punitive damages are

5

unconstitutional; (2) a purported reservation of the right to assert additional defenses; and (3) a request for attorneys' fees in the prayer for relief.  As to the first issue, Plaintiff notes the United States Supreme Court has held punitive damages constitutional, though subject to constitutional limits.  As to the second issue, Plaintiff argues the law does not allow a party to reserve the right to add defenses and defenses are waived if not timely asserted.  As to the prayer for relief, Plaintiff argues there are no claims or other grounds (such as a contractual provision) that might support an award of attorneys' fees to Experian.  On reply, Plaintiff notes Experian did not respond to his arguments relating to additional defenses and the prayer for attorneys' fees.[4]

Each of these arguments raises a legal challenge to an affirmative defense or prayer for relief, rather than an argument of insufficient pleading.  To the extent the arguments raise legal challenges, they may be properly asserted as a Rule 12(c) motion.  Further, as Plaintiff argues, Experian's failure to provide a substantive response to these arguments may be deemed a concession the defenses and request should , at least, be limited.

Accordingly, the court limits (1) the Fourteenth Affirmative Defense to allow argument for constitutional limits on rather than preclusion of punitive damages, (2) the Fifteenth Affirmative Defense to reservation of a right to seek leave to amend under the applicable rules, and (3) the claim for relief to seeking attorneys' fees only if warranted based on extraordinary circumstances such as under Fed. R. Civ. P. 11, not based on any fee-shifting contractual provision, claim, or counterclaim.

---

[4] Experian did not address these arguments in its opposition brief.

**CONCLUSION**

For reasons set forth above, Plaintiff's motion is denied except to the extent the court has limited the Fourteenth and Fifteenth Affirmative Defenses and prayer for relief as to attorneys' fees.

**IT IS SO ORDERED.**

                                              s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 30, 2017